UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DAVID BRAME,

                Plaintiff,

                                    MEMORANDUM & ORDER
    -against-                         13-CV-6539(JS)(GRB)

RIVERHEAD JAIL, RIVERHEAD JAIL
MEDICAL DEPARTMENT, and JANE DOE,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:       David Brame, pro se
                      12 Pondview Drive
                      Apt. #14
                      East Patchogue, NY 11772

For Defendants:     No appearances.

SEYBERT, District Judge:

        On November 20, 2013, incarcerated pro se plaintiff David Brame ("Plaintiff") filed a civil rights Complaint in this Court against the Riverhead Jail (the "Jail"), the Riverhead Jail Medical Department ("Medical Department") and "Jane Doe" (collectively, "Defendants"). Plaintiff's Complaint is accompanied by an application to proceed in forma pauperis and a Prisoner Litigation Authorization Form ("PLRA"). However, Plaintiff indicated on the PLRA that he authorized that only $3.50 be deducted from his inmate account. Accordingly, on November 25, 2013 Plaintiff was sent a Notice of Deficiency ("Notice") together with a blank PLRA form with instructions to complete and return the PLRA form in order to proceed with this case. (Docket Entry 4.) On December 6, 2013, the Notice was returned to the Court with a notation that it was "undeliverable" and that Plaintiff had been discharged. By letter

dated December 11, 2013, Plaintiff notified the Court that he had been released from incarceration and provided his new address. Accordingly, given Plaintiff's release, the PLRA is no longer required and Plaintiff's in forma pauperis application is ready for decision.

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED. However, Plaintiff's claims against the Defendants are not plausible and are thus DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

BACKGROUND[1]

Plaintiff complains that he was denied adequate medical care while he was incarcerated at the Jail. According to the Complaint, in April 2013, Plaintiff's right big toe became infected after he tried to remove an in-grown toe nail. (Compl. ¶ 11.) Plaintiff was examined by nurse practitioner "Jane Doe" who "stated there was no infection" yet ordered an unspecified "antibiotic" for Plaintiff. (Compl. ¶ 11.) Plaintiff claims that he was given the antibiotic on one occasion. (Compl. ¶ 12.) On May 15, 2013,

---

[1] All allegations in the Plaintiff's Complaint are presumed to be true for the purposes of this Memorandum and Order.

Plaintiff alleges that he showed Dr. Stephen John his foot while the doctor was making his rounds at the Jail. (Compl. ¶ 12.) Dr. John advised Plaintiff that there was "nothing that he could do" because it looked like Plaintiff had the early stages of gangrene. (Compl. at ¶ 12.) According to Plaintiff, he remained at the Jail for approximately nineteen more days during which time he did not receive any medical treatment for his foot. (Compl. ¶ 12.) Plaintiff was then transferred to Downstate Correctional Facility and that same day he was transferred to Fishkill Correctional Facility's Medical Unit's Infirmary. (Compl. ¶¶ 12-13.)

Plaintiff next alleges that after two weeks of being in Fishkill's Infirmary he was taken to Westchester Vascular PLLC where he was examined by a vascular surgeon, Dr. Sundaram Ravikumar, who amputated Plaintiff's right big toe. (Compl. ¶ 13.) A few weeks later, Plaintiff describes that the bottom half of his right foot big toe became infected. (Compl. ¶ 13.) Plaintiff was again taken to see Dr. Ravikumar who amputated the bottom part of Plaintiff's "right foot big toe." (Compl. ¶ 13.)

As a result of the foregoing, Plaintiff seeks to recover a compensatory damages award in the total sum of six million dollars ($6,000,000.00). (Compl. ¶¶ 16, 19, 22.)

## DISCUSSION

I. <u>Application to Proceed In Forma Pauperis</u>

Having reviewed Plaintiff's declaration in support of his

application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Pl. v. Sealed Def., 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of a proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010), (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)), aff'd, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

>Section 1983 provides that
>
>[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d

5

217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989).

Here, liberally construed, Plaintiff claims that the Defendants failed to provide adequate medical treatment for his infected toe in violation of his constitutional rights. The Court considers Plaintiff claim against each Defendant below.

A. Claims Against the Jail and the Medical Department

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cnty. Corr. Fac., 781 F. Supp. 2d 107, 109 n.1 (E.D.N.Y. 2011). Thus, Plaintiff's claims against the Jail and the Medical Department are not plausible because they have no legal identity separate and apart from Suffolk County. Accordingly, Plaintiff's claims against the Jail and the Medical Department are DISMISSED WITH PREJUDICE. See, e.g., Batista v. New York Suffolk Cnty., 13-CV-2862, 2013 WL 3759933, *4 n. 6 (E.D.N.Y. Jul. 10, 2013) (citing Trahan v. Suffolk Cnty. Corr. Fac.,

6

12-CV-4353, 2012 WL 5904730, *3 (E.D.N.Y. Nov. 26, 2012) (dismissing claims against the Suffolk County Jail because it is an "administrative arm of Suffolk County, without a legal identity separate and apart from the County."); Barreto v. Suffolk Cnty., No. 10-CV-0028, 2010 WL 301949, *2 (E.D.N.Y. Jan. 20, 2010)).

Given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court next considers whether he has alleged a plausible Section 1983 claim against the municipality, Suffolk County.

It is well-established that a municipality such as Suffolk County cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, --- U.S. ----, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)), cert. denied, --- U.S. ----, 132 S. Ct. 1741, 182 L. Ed. 2d 528 (2012); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking

7

channels." Monell, 436 U.S. at 690-691 (internal citation omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its

subordinates' unlawful actions.'" (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007)).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Suffolk County. Accordingly, Plaintiff's Section 1983 claims, to the extent they are construed as against Suffolk County, are DISMISSED WITHOUT PREJUDICE.

2. Claim Against Jane Doe

Plaintiff also names Jane Doe as a Defendant. Plaintiff purports to allege that Jane Doe was deliberately indifferent to his serious medical needs in that she failed to provide adequate medical treatment for his injured toe. To establish an Eighth Amendment[2] violation arising out of deliberate indifference to an inmate's medical needs, a plaintiff must allege: (1) a deprivation that is, in objective terms, "sufficiently serious," and (2) that the defendants "kn[ew] of and disregard[ed] an excessive risk to

---

[2] It is unclear from the Complaint whether Plaintiff's claims arise under the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment since Plaintiff does not allege whether he is a convicted prisoner or a pre-trial detainee. Such distinction is of no moment for purposes of this Memorandum and Order given that "the standard for deliberate indifference is the same under the Due Process Clause of the Fourteenth Amendment [or Fifth Amendment] as it is under the Eighth Amendment." Caiozzo v. Koreman, 581 F.3d 63, 70-71 (2d Cir. 2009); see also Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000).

inmate health or safety." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citation omitted).

A claim for deliberate indifference has both an objective and subjective component. See, e.g., Collazo v. Pagano, 656 F.3d 131, 135 (2d Cir. 2011). "'Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain, exists.'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks and citation omitted)). In order to determine whether an alleged deprivation was objectively serious, the Court must inquire (1) whether the prison officials acted reasonably in response to the inmate's needs and (2) what harm, if any, the inadequacy in the officials' response to the inmate's need has caused or will likely cause the inmate. Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006). "Subjectively, the official must have acted with the requisite state of mind, the 'equivalent of criminal recklessness,'" Collazo, 656 F.3d at 135 (quoting Hathaway, 99 F.3d at 553); see also Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (holding that a deliberate indifference claim "mandate[s] inquiry into a prison official's state of mind."), i.e., the official must have "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." Salahuddin, 467 F.3d at 280; see

10

also Jabbar v. Fischer, 683 F.3d 54, 57 (2d Cir. 2012) ("The prison official must know of, and disregard, an excessive risk to inmate health or safety."); Caiozzo, 581 F.3d at 72 (holding that the plaintiff must establish that the official "knew of and disregarded an excessive risk to [the plaintiff's] health or safety and . . . was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference." (alterations and quotation marks omitted)). Generally, "mere allegations of negligen[ce] . . . do not state a claim of deliberate indifference." Hathaway, 99 F.3d at 553; see also Jabbar, 683 F.3d at 57 ("[D]eliberate indifference requires more than mere negligence." (internal quotation marks and citation omitted)).

Here, Jane Doe is alleged to be employed as a nurse practitioner at the Jail's Medical Department. (Compl. ¶ 10.) The only allegations concerning Jane Doe apart from her employment are that: (1) she stated that Plaintiff's foot was not infected; and (2) she ordered an antibiotic for Plaintiff, which he alleges he received. (Compl. ¶ 11.) As is readily apparent, Plaintiff's thin allegations wholly fail to state a plausible deliberate indifference claim. However, because a district court should not dismiss a pro se complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Chavis v. Chappius, 618 F.3d

11

162, 170 (2d Cir. 2010), Plaintiff is GRANTED LEAVE TO AMEND his Complaint. Plaintiff is warned that his deliberate indifference claim against Jane Doe and/or Suffolk County will be dismissed with prejudice **unless he files an Amended Complaint by March 3, 2014.**

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, but his Complaint is DISMISSED WITH PREJUDICE as against the Jail and the Medical Department pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff's Complaint against Jane Doe and as construed against Suffolk County is DISMISSED WITHOUT PREJUDICE AND **WITH LEAVE TO FILE AN AMENDED COMPLAINT by March 3, 2014.** Failure to do so will result in this case being DISMISSED WITH PREJUDICE.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is DENIED for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January   24  , 2014

Central Islip, New York

13